IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

**UNITED STATES OF AMERICA**                                                  **PLAINTIFF**

v.                  **Case No. 4:14-cr-00201 KGB**

**LYNN ESPEJO**                                                                          **DEFENDANT**

## ORDER

Before the Court is the government's motion for court-authorized immunity pursuant to 18 U.S.C. § 6003 (Dkt. No. 24). The government moves this Court for an order under § 6003 requiring defendant Lynn Espejo's husband, Pancho Espejo, to give testimony and produce other information at the trial of this matter. Ms. Espejo has not responded to the motion, and the time to do so has passed. However, Mr. Espejo has filed *pro se* a motion to assert marital privilege (Dkt. No. 29). The government has not responded to Mr. Espejo's motion, and the time to do so has passed. For the following reasons, the Court denies the government's motion for court-authorized immunity (Dkt. No. 24) and grants Mr. Espejo's motion to assert marital privilege (Dkt. No. 29).

Under 18 U.S.C. § 6002, when a witness refuses to provide information or to testify to a court on the basis of the privilege against self-incrimination, a Court may compel the person to testify under the condition that the testimony would not be used against the witness in any criminal case. Section 6003 provides that the U.S. Attorney may request such an order from a court when the U.S. Attorney determines that the testimony from an individual who refuses to testify or give information on the basis of the privilege against self-incrimination may be necessary to the public interest and the individual has refused or is likely to refuse to testify. *See* 18 U.S.C. § 6003.

Sections 6002 and 6003 concern "personal immunity" given to a witness; by their terms, these sections do not concern a witness-spouse's privilege from giving adverse spousal testimony. To compel a witness-spouse to give testimony if the martial privilege has been invoked, the government has to give "use-fruits immunity" from using the witness-spouse's testimony against the defendant-spouse. *See In re Grand Jury*, 111 F.3d 1083, 1084-85 (3d Cir. 1997) (upholding district court's denial of marital privilege because government promised use-fruits immunity from using the witness-spouse's testimony against the non-witness spouse and undertook the burden to verify an independent source, other than the spouse-witness's testimony, to support any evidence the government used against the defendant-spouse) (citing *Kastigar v. U.S.*, 406 U.S. 441 (1972)). Based on Mr. Espejo's motion to assert marital privilege, Mr. Espejo is refusing to testify in this action, not solely because of the privilege against self-incrimination, but also because of the privilege against adverse spousal testimony. The government's motion for court authorized immunity promises Mr. Espejo that his testimony will not be used against him in any criminal case. The government's motion does not also seek to grant immunity from using Mr. Espejo's testimony against Ms. Espejo. Accordingly, the government's motion for court authorized immunity cannot compel Mr. Espejo to testify if his invocation of the marital privilege is proper.

"The common law—as interpreted by United States courts in the light of reason and experience—governs a claim of privilege unless" the United States Constitution, a federal statute, or rules prescribed by the Supreme Court provide otherwise. Fed. R. Evid. 501. Federal courts recognize two distinct marital privileges: the marital confidential communications privilege and the adverse spousal testimony privilege. *United States v. Espino*, 317 F.3d 788, 795 (8th Cir. 2003). This case involves only the adverse spousal testimony privilege. "Under

the adverse spousal testimony privilege, an individual may be neither compelled to testify nor foreclosed from testifying against the person to whom he or she is married at the time of trial." *Id.* at 796. "The privilege, therefore, rests with the testifying spouse who may waive the privilege without consent of the defendant spouse." *Id.* "[B]ecause exclusion of evidentiary material as privileged contravenes the truth-seeking function of the judicial system, the party asserting the privilege has the burden of showing it applies." *United States v. White*, No. 2:12-CR-00221, 2013 WL 1404877, at *6 (S.D.W. Va. Apr. 5, 2013) (citing *In re Santa Fe Int'l Corp.,* 272 F.3d 705, 710 (5th Cir.2001); *In re Grand Jury Proceedings (Gregory P. Violette),* 183 F.3d 71, 73 (1st Cir.1999)).

Here, based on prior evidentiary hearings conducted in this matter, it appears that Pancho and Lynn Espejo are still married, and the Court understands that they are still married. The Court also understands that generally the government seeks to use Mr. Espejo's testimony in its case against Ms. Espejo at trial. If the Court's understanding as to these two matters is incorrect, the parties are directed to inform the Court immediately in a written filing submitted to the Court. The government has not responded to Mr. Espejo's motion or attempted to demonstrate that any exception to the adverse spousal testimony privilege should apply in this case. Mr. Espejo apparently has refused to testify voluntarily in this case and has thus asserted the adverse spousal testimony privilege. Based on the Court's understanding of these matters, the record evidence before it, and Mr. Espejo's motion, the Court denies without prejudice the government's motion for court-authorized immunity as to Mr. Espejo, subject to the government's right to reassert the motion during the course of these proceedings. At this time, based on the Court's understanding of these matters, the record evidence before it, and Mr.

Espejo's motion, the Court grants Mr. Espejo's motion to assert the privilege against adverse spousal testimony.

Dated this 20th day of August, 2015.

_Kristine G. Baker_
Kristine G. Baker
United States District Judge