IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

UNITED STATES OF AMERICA                                                              PLAINTIFF

v.                                    Case No. 4:14-cr-00201 KGB

LYNN ESPEJO                                                                           DEFENDANT

## ORDER

On August 26, 2015, the Court held a status conference in this matter to determine if *pro se* defendant Lynn Espejo intended to continue to proceed *pro se* or had obtained defense counsel. At this status conference, the Court also heard arguments regarding the government's pending motion for protective order (Dkt. No. 68), and the parties discussed with the Court a potential continuance of the current September 21, 2015, trial date in this matter. The Court took these issues under advisement at the August 26, 2015, status conference. The Court writes now to address issues regarding Ms. Espejo's *pro se* status, the possibility of a continuance, and the scheduling of a status conference. The Court will address the government's motion for protective order in a separate written order.

The Court notes separately that Ms. Espejo has filed a motion for early disclosure (Dkt. No. 65), to which the government has not responded. Ms. Espejo's motion for early disclosure is not ripe, and the Court does not address that motion in this Order.

    **I.**    **Ms. Espejo's *Pro Se* Status**

Ms. Espejo represented to the Court on the record at the August 26, 2015, status conference that she is still proceeding *pro se* in this matter. On August 17, 2015, Ms. Espejo filed a sealed motion, and her then-counsel Richard Holiman filed a motion to withdraw as her counsel of record on that same date (Dkt. Nos. 56, 58). The Court granted Mr. Holiman's

motion to withdraw at the hearing conducted in this matter on August 18, 2015 (Dkt. Nos. 61, 62). The Court also made the determination at the August 18, 2015, hearing that Ms. Espejo knowingly and voluntarily waived her Sixth Amendment right to counsel and made the decision to proceed *pro se* in this matter.

In informal communications to the Court, on which counsel for the government were copied, Ms. Espejo asked that the Court appoint on Tuesday, August 25, 2015, "an attorney to shadow her" in her case as she proceeds *pro se* and specifically as she reviews discovery at the U.S. Attorney's office. Because Ms. Espejo's request was ambiguous, the Court did not appoint counsel or standby counsel for Ms. Espejo prior to the scheduled August 26, 2015, status conference. The Court addressed this issue with Ms. Espejo on the record at the August 26, 2015, status conference.

At the status conference, Ms. Espejo stated that, while she continues to attempt to obtain retained defense counsel, she has been unsuccessful in obtaining retained defense counsel thus far. Therefore, she continues to proceed *pro se*. She reconfirmed on the record at the status conference her desire to proceed *pro se*. In her response to the government's motion for protective order and as communicated at the August 26, 2015, status conference, however, Ms. Espejo contends that she has a constitutional right to standby counsel "to aid in her review of her own discovery" (Dkt. No. 69, at 3). It was established at the August 26, 2015, status conference that Ms. Espejo uses the terms shadow counsel and standby counsel interchangeably, as does the Court.

The Eighth Circuit has held that defendants in criminal cases have "no constitutional right to standby counsel." *U.S. v. Foster*, 230 F.3d 1364 (8th Cir. 2000); *see also U.S. v. Keiser*, 578 F.3d 897, 903 (8th Cir. 2009) ("We have rejected the notion that the Sixth Amendment

guarantees a defendant an absolute right to standby counsel."). "'Appointment of standby counsel is within the discretion of the district court, and a *pro se* defendant does not enjoy an absolute right to standby counsel.'" *Keiser*, 578 F.3d at 903 (quoting *United States v. Webster*, 84 F.3d 1056, 1063 (8th Cir. 1996)). "The district court may properly require the defendant to choose either to proceed *pro se*, with or without the help of standby counsel, or to utilize the full assistance of counsel." *Webster*, 84 F.3d at 1063. If a court appoints standby counsel, "[a] standby counsel's job is to assist the defendant in procedural matters with which he may not be familiar and to facilitate a speedy and efficient trial by avoiding the delays often associated with *pro se* representation." *U.S. v. Washington*, 596 F.3d 926, 934 n.9 (8th Cir. 2010).

Here, Ms. Espejo knowingly and voluntarily waived her right to counsel at the August 18, 2015, hearing, and asserted her right to proceed *pro se*. As discussed at the August 26, 2015, status conference, counsel for the government was contacted by an attorney engaged in discussions with Ms. Espejo about potentially representing her in this matter. Ms. Espejo had not retained counsel as of the August 26, 2015, status conference, although she admitted to being in discussions with potential counsel.

The Court declines to decide at this time the need, if any, to appoint standby counsel for Ms. Espejo and makes no determination regarding that issue in this Order. As Ms. Espejo represented at the August 26, 2015, status conference, she currently is proceeding *pro se* in this matter without standby counsel. Ms. Espejo stated on the record at the August 26, 2015, status conference that she does not wish to file a financial affidavit regarding an inability to afford counsel. At some time prior, Ms. Espjeo claims to have completed a financial affidavit and not qualified for the appointment of counsel. Ms. Espejo has a right to complete a financial affidavit at any time she chooses during the pendency of this case; the Court will provide the form for her

to complete at her request at any time. As Ms. Espejo confirmed on the record at the August 18, 2015, hearing and the August 26, 2015, status conference, she shall inform the government and the Court if she obtains and chooses to use the full assistance of counsel.

## II.    Potential Continuance

At the August 26, 2015, status conference, the parties discussed the possibility of a continuance of the September 21, 2015, trial date in this matter. Ms. Espejo communicated on the record at the August 26, 2015, status conference her reluctance to waive her speedy trial rights but eventually indicated that she may be willing to waive her speedy trial rights for a continuance of the trial beyond the currently scheduled September 21, 2015, trial date. Although the parties discussed the possibility of such a continuance and the waiver of speedy trial rights, the Court does not understand either party to have made a formal motion for a continuance.

At the August 26, 2015, status conference, the Court informed Ms. Espejo and the government that, if either side wished to move for a continuance of the currently scheduled September 21, 2015, trial date, such a motion should be made in writing. Further, the Court requested that, if made by Ms. Espejo, she should indicate in the motion whether she is willing to waive her speedy trial rights. The Court will consider and rule on any motion for continuance made at any time between now and September 21, 2015, regardless of how or when made, regardless by whom it is made, and regardless of the reason for the request.

The Court remains ready to try this matter on September 21, 2015. Given the scope of work involved in trial preparation to be undertaken by both sides in this case or in any other case, the Court encouraged the government and Ms. Espejo that, to the extent possible and to the extent either side wishes to do so, a motion for continuance be made sooner rather than later as

the September 21, 2015, trial date approaches. The Court will consider and rule promptly on any request for continuance.

In written communication to the Court since the August 26, 2015, status conference, the parties have indicated that Ms. Espejo may have communicated to the government a belief that she needs the full assistance of counsel before she can file a motion for continuance or to obtain from the Court a continuance of the September 21, 2015, trial date. That is not correct. As stated at the August 26, 2015, status conference, Ms. Espejo or the government may file a motion for continuance, and the Court will consider such motion, whether Ms. Espejo proceeds *pro se* or has the full assistance of counsel.

Currently, trial for this matter remains set for September 21, 2015.

### III.    Scheduling Of Status Conference

As noted, the trial for this matter remains set for September 21, 2015. Ms. Espejo represents to the Court that, while she continues to proceed *pro se*, she is attempting to obtain counsel. The parties have communicated to the Court since the August 26, 2015, status conference that they have no objection to the scheduling of a status conference on any date from Monday, August 31, 2015, to Thursday, September 3, 2015. The Court will conduct a status conference in this matter on **Wednesday, September 2, 2015, at 10:00 a.m.** in Courtroom 4C at the Richard Sheppard Arnold United States Courthouse, 500 West Capitol Avenue, Little Rock, Arkansas, 72201.

Dated this 28th day of August, 2015.

*Kristine G. Baker*
Kristine G. Baker
United States District Judge