IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| vs. ) | No. 4:14CR00201-KGB |
| ) | |
| LYNN ESPEJO ) | |
| ) | |

**UNITED STATES OF AMERICA'S RESPONSE TO DEFENDANT'S MOTION FOR EARLY TERMINATION OF SUPERVISED RELEASE**

The United States of America, by and through Jonathan D. Ross, United States Attorney for the Eastern District of Arkansas, and Stephanie Mazzanti and Jamie Goss Dempsey, Assistant United States Attorneys, requests that the Court deny defendant Lynn Espejo's motion for early termination of supervised release.

**I.      BACKGROUND**

After a jury found Espejo guilty of fifteen counts of wire fraud, six counts of money laundering, and four counts of filing false tax returns, this Court sentenced Espejo to 45 months of imprisonment. (Dkt. No. 192). The Court further ordered that Espejo would be on supervised release for a term of three years following her imprisonment, and that Espejo would pay restitution in the amount of $611,099.41 to PMSI and $207,941.00 to the IRS. (Dkt. No. 192, 199).

Espejo self-surrendered to a federal prison camp in Bryan, Texas, on February 26, 2018. Espejo was released on home confinement in May 2020 due to the pandemic. In January 2021, Espejo was removed from home confinement and placed in custody due to alleged violations of her conditions of home confinement. On January 25, 2021, the Court granted Espejo compassionate release by January 27, 2021.

1

II.   **LAW AND ARGUMENT**

On January 18, 2022,[1] Espejo filed the instant motion for early termination of supervised release. The United States has consulted with United States Probation Officer (USPO) Victoria Fitzhugh, who advised that Espejo's supervised release termination date is January 26, 2024. According to USPO Fitzhugh, as of January 18, 2022, Lynn Espejo owes $784,059.35 to her victims.

Espejo's conditions of release require that she work full time (at least 30 hours per week) at a lawful type of employment, unless excused by the United States Probation Office. USPO Fitzhugh advised that although Espejo reportedly graduated with her Master's Degree in May 2021, Espejo only reportedly obtained employment in December 2021. USPO Fitzhugh advised that prior to her employment, Espejo was working on her classes and internship programs, making restitution payments of $50.00 per month at that time.

USPO Fitzhugh further advised that Espejo reports[2] that she is working 30 hours per week at the Sherwood location of Sage Boutique clothing store and only makes minimum wage. Although she reports beginning to work in December 2021, the social media page for the boutique indicates the Sherwood location was reopened on October 7, 2021. Notably, Lynn Espejo previously owned Sage Boutique, as reflected in her PSR, and she reportedly wanted to reopen when her case was complete, with a location in Monticello still open at the time of her PSR. Upon further inquiry, the undersigned learned from USPO Fitzhugh that Espejo's husband reportedly

---

[1] Although the motion appears to have been filed prior to Espejo completing one-year of supervised release, the United States acknowledges that the one-year time period has now expired. 18 U.S.C. § 3583(e).

[2] At the time the undersigned inquired, USPO Fitzhugh had not received paperwork regarding Espejo's employment from Espejo.

2

now owns Sage Boutique. These are pertinent facts that should have been disclosed to the Court by Espejo in her motion.

USPO Fitzhugh noted that Espejo's conditions do not state that she has to pay a percentage of her "household" income, only her own; thus, at the directive of her attorney, she and her husband have separated all of their financial accounts and USPO cannot require payments according to joint income. USPO Fitzhugh advised that she supports early termination because paying restitution is the only thing USPO needs to monitor as to this defendant, as Espejo requires no resources from their office. USPO Fitzhugh advised that it appears Espejo will be unable to increase her restitution payments if she is unable to move forward with her career. However, in light of the facts discussed herein, the undersigned has serious doubts as to the sincerity of any claims by Espejo that she seeks to increase restitution payments.

In support of her assertion that the interests of justice support early termination, Espejo states that she cannot sit for the necessary exams to begin her career until her supervised release is terminated. *See* https://abec.statesolutions.us/wp-content/uploads/2020/06/2020-Rules-Final-6-22-20.pdf (last visited Jan. 18, 2022). The United States notes that licensure is not guaranteed considering Espejo's convictions, although there appears to be a process where an individual can seek a waiver. *See* Ark. Code Ann. § 17-3-102(a) ("An individual is not eligible to receive or hold a license issued by a licensing entity if that individual has . . . been found guilty of any of the following offenses . . . or of any similar offense by a federal court, unless the conviction was lawfully sealed . . . or otherwise previously sealed, pardoned or expunged under prior law: . . . (28) Theft of property as prohibited in § 5-36-103"); Ark. Code Ann. § 17-3-103 ("An individual with a criminal record may petition a licensing entity **at any time** for a determination of whether the criminal record of the individual will disqualify the individual from licensure and whether or not

he or she could obtain a waiver under § 17-3-102(b)") (emphasis added). Espejo has failed to explain why she has not sought a determination as to whether she could obtain a waiver.

Espejo was ordered by this Court to pay restitution. Instead of complying with that order in good faith, however, the circumstances indicate that Espejo is manipulating her financial situation to pay the absolute, bare-minimum amount of restitution to her victims. She is reportedly working the minimum number of hours with the minimum amount of wages while employed by her husband at a business she previously owned. Espejo has never accepted responsibility for her crimes, nor shown any remorse, which should cause one to question her rehabilitation. She has received the benefits of home confinement and compassionate release, over the objection of the undersigned. Considering her actions in taking steps to deprive her victims of restitution, she deserves no further benefits, as such actions are inconsistent with the interests of justice. The Court should deny Espejo's motion.

Pursuant to 18 U.S.C. § 3583(e), the Court may, "after considering the factors set forth in section 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6), and (a)(7) – (1) terminate a term of supervised release and discharge the defendant released at any time after the expiration of one year of supervised release, pursuant to the provisions of the Federal Rules of Criminal Procedure relating to the modification of probation, if satisfied that such action is warranted by the conduct of the defendant and the interest of justice."

As to the factors set forth in 18 U.S.C. § 3553(a), the offenses for which Espejo was found guilty are serious offenses. Espejo was found guilty of more than twenty federal felonies. In addition to those crimes, the United States presented evidence at Espejo's trial regarding her embezzlement from a separate employer after she stole over $600,000 from PMSI, and she has additional criminal history as set forth in the PSR. Despite the jury's verdicts, Espejo has

continuously failed to take responsibility for her actions and has failed to express any remorse for her crimes. She requests benefits from this Court, without coming close to satisfying her restitution obligations, and as set forth above, while manipulating her income to make the minimum restitution payment.

In addition to reflecting the seriousness of the offense, the sentence should afford adequate deterrence to criminal conduct, protect the public from further crimes, promote respect for the law and provide just punishment. The defendant has completed only one year of her three years of supervised release. She is not entitled to further windfalls. Being supervised by the United States Probation Office provides punishment for the offense, deters criminal conduct, and promotes respect for the law, as the defendant is required to conform her conduct to the law or risk revocation of her supervised release. At the time of her sentencing, this Court found that three years of supervised release was sufficient, but not greater than necessary, to achieve the goals of sentencing. That has not changed. And, this Court retains the ability to oversee Espejo's finances during her supervised release.

Although the requirements of supervision are undoubtedly inconvenient, such requirements do not appear to impose any "unusual hardship" upon this defendant. *United States v. Kattom*, Case No. 4:06CR00053-06 JLH, 2009 WL 3783783, *1 (E.D. Ark. Nov. 10, 2009) (unpublished); *United States v. John Michael Glover*, 4:12CR00162 KGB, Docket No. 25 (E.D. Ark. July 29, 2014); *United States v. Nicholas Anthony Norman*, 4:10CR00059 JLH, Docket No. 45 (E.D. Ark. April 22, 2013). Those convicted of serious felonies are regularly restricted in their options for employment, particularly when a defendant, like Espejo, embezzled from her employer. Espejo's circumstances are not particularly unique. In fact, by all accounts, Espejo is incredibly fortunate compared to most offenders that come before this Court.

While Espejo has volunteered her time, which is commendable, she apparently has the luxury of being able to do so without working full-time and still living a comfortable life. All the while, Espejo's victims have not been made whole and Espejo is paying the minimum, interest-free. Espejo could be earning additional money to repay her victims if she were to expend some of her free time working. Espejo has presented no evidence regarding her attempts to obtain additional employment. The tactics taken by Espejo to minimize her court-ordered restitution payments belie Espejo's claims that she seeks to advance in her career to further her rehabilitation and comply with restitution obligations. Considering the totality of the circumstances, the Court should conclude that early termination of supervised release is not warranted by the conduct of the defendant and the interest of justice.

WHEREFORE, the United States respectfully requests that the Court deny the defendant's motion for early termination of supervised release.

RESPECTFULLY SUBMITTED,

JONATHAN D. ROSS
United States Attorney

STEPHANIE MAZZANTI
Bar Number 2006298
JAMIE GOSS DEMPSEY
Bar Number 2007239
Assistant U.S. Attorneys
P. O. Box 1229
Little Rock, Arkansas 72203
(501)340-2655
stephanie.mazzanti@usdoj.gov
jamie.dempsey@usdoj.gov

## **CERTIFICATE OF SERVICE**

This will certify that a true and correct copy of the foregoing was filed with the Court *via* CM/ECF and a copy was sent *via* U.S. Mail on this 2nd day of February, 2022, to the following:

Lynn Alisa Espejo
9309 Millers Pointe Court
Sherwood, AR 72120

                                                   */s/Stephanie Mazzanti*
                                                 STEPHANIE MAZZANTI