IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

UNITED STATES OF AMERICA                                                                 PLAINTIFF

v.                              Case No. 4:14-cr-00201 KGB

LYNN ALISA ESPEJO                                                                          DEFENDANT

## ORDER

Pending before the Court is defendant Lynn Alisa Espejo's *pro se* motion for early termination of supervised release (Dkt. No. 249).  The government opposes the motion but does not request a hearing (Dkt. No. 252).  Ms. Espejo filed a reply to the government's opposition (Dkt. No. 253).  For the following reasons, the Court grants the motion for early termination of supervised release (Dkt. No. 249).

After a jury trial, this Court sentenced Ms. Espejo in January 2018 to 45 months of imprisonment in the Bureau of Prisons ("BOP") (Dkt. Nos. 192, 199, 205).  Ms. Espejo was convicted of wire fraud in violation of 18 U.S.C. § 1343, money laundering in violation of 18 U.S.C. § 1957, and filing false tax returns in violation of 26 U.S.C. § 7206(1) (Dkt. No. 192).  Ms. Espejo self-surrendered to a federal prison camp in Bryan, Texas, on February 26, 2018.  Ms. Espejo is required by the Court's sentence to serve three years of supervised release (Dkt. No. 192).  Further, Ms. Espejo is required to make restitution in the amount of $611,099.41 to Practice Management Services, Inc., and to the Internal Revenue Service in the amount of $207,941.00 (Dkt. No. 199).

Ms. Espejo's supervision commenced on or about January 27, 2021 (Dkt. Nos. 247; 249).  Ms. Espejo represents that she has used her time on supervised release to complete her master's degree in Clinical and Mental Health Counseling at Southern Arkansas University, and she seeks

early termination of her supervised release primarily to sit for the exams necessary to begin her desired career of being a counselor (Dkt. No. 249, at 4). Based on the record before it, this Court agrees that Ms. Espejo has demonstrated extraordinary effort in her rehabilitation and reintegration into society (*Id.*, at 5–9). Ms. Espejo makes arguments based on what she describes as the federal Bureau of Prisons' ("BOP") slow implementation of the First Step Act of 2018 (the "FSA"), which she contends has impacted the time she has served (*Id.*, at 7–9). The United States Probation Office supports Ms. Espejo's request for early termination of supervised release, according to Ms. Espejo, and the government has come forward with no information to dispute that (*Id.*, at 1).

In its response, the government opposes Ms. Espejo's motion for early termination of supervised release. The government casts doubt on Ms. Espejo's earnings and restitution payments to date and, as a result, calls into question Ms. Espejo's acceptance of responsibility for her offenses (Dkt. No. 252).

Ms. Espejo, in her reply, sets forth additional information about her personal and family finances, her earnings to date, and her restitution obligations and payments (Dkt. No. 253). The government may advocate for Ms. Espejo to do more, but there is no indication before the Court that Ms. Espejo is not doing what is required of her with respect to restitution or that she has not done so while on supervised release. Further, in her *pro se* motion, Ms. Espejo states: "She will continue to comply with her restitution obligations." (Dkt. No. 249, at 5).

Pursuant to 18 U.S.C. § 3583(e), the Court may terminate a term of supervised release where, after consideration of both the Federal Rules of Criminal Procedure and the appropriate factors, the Court concludes that such action is warranted by the conduct of the defendant and is in the interest of justice. As she has served more than one year of supervised release, Ms. Espejo is eligible for early termination of the remainder of her supervised release under 18 U.S.C. §

3583(e).  Mere compliance with the terms of supervised release does not justify early termination because compliance is expected.

Here, Ms. Espejo has made substantial progress such that the interests of justice support early termination at this point.  Since her release, she has completed a course of study and then maintained employment, along with successfully completing the requirements of supervision.  Further, the United States Probation Office does not oppose the request, despite the government's position.  Therefore, this Court grants Ms. Espejo's motion for early termination of supervised release (Dkt. No. 249).

It is so ordered this 12th day of July, 2022.

_____
Kristine G. Baker
United States District Judge